IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:14-CV-2965-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| DUFF, et al. | |
| Defendants. | |
| _____/ | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court are: (1) plaintiff's motions for appointment of counsel (Docs. 4 and 12); (2) plaintiff's motion for injunctive relief (Doc. 11); and (3) plaintiff's request for leave to "consolidate" his filings into a single complaint (Doc. 20).

  This action currently proceeds on the first amended complaint filed as of right on January 15, 2015.  Also on January 15, 2015, plaintiff filed a separate "supplement" to the amended complaint.  Plaintiff then filed a "Notice of Corrections" to the amended complaint on January 21, 2015.  Plaintiff then filed a demand for jury trial on March 11, 2015.  Plaintiff now

seeks leave to file a single pleading as his amended complaint.  As plaintiff is aware, the court cannot refer to the other pleadings in order to make plaintiff's amended complaint complete.  See Local Rule 220.  Therefore, plaintiff's request for leave to file a single amended complaint will be granted.

Plaintiff also seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, the court is unable to evaluate the likelihood of success on the merits of plaintiff's claims until such time as the court is presented with a single amended complaint.  Additionally, plaintiff has so far demonstrated a sufficient ability to prosecute this action on his own, despite his claims of mental illness and heart problems, which are not documented on the current record.

Finally, plaintiff seeks injunctive relief.  In his motion, plaintiff seeks an order requiring the California Health Care Facility to "do regular blood pressure checks" and respond to his inmate grievances.  Plaintiff's motion will be denied because he has not demonstrated the likelihood of irreparable injury, or any injury for that matter.  While plaintiff appears to suffer from heart problems, he has not alleged in his motion that he is not receiving adequate treatment for that condition or that "regular blood pressure checks" are required to prevent irreparable

injury. Moreover, plaintiff's motion is vague in that he does not define what "regular" would constitute. The court has no way of knowing whether plaintiff is currently receiving any blood pressure checks and, if so, with what frequency. Nor does the court have any way of knowing on the current record whether plaintiff even has a condition requiring blood pressure checks.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend;

2. Plaintiff shall file a second amended complaint in a single pleading within 30 days of the date of this order;

3. Plaintiff's motions for appointment of counsel (Docs. 4 and 12) are denied; and

4. Plaintiff's motion for injunctive relief (Doc. 11) is denied.

DATED: September 28, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE