IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:14-CV-2965-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| DUFF, et al. | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court are: (1) plaintiff's motion for injunctive relief (Doc. 36); (2) plaintiff's motion for an extension of time (Doc. 35); and (3) plaintiff's "Request for Competency Hearing and Guardian Ad Litem" (Doc. 37).

Turning first to plaintiff's motion for injunctive relief, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by

1

focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, plaintiff seeks an order directing prison officials to grant his preferred legal user status at the prison law library. Because plaintiff has not demonstrated how he will likely suffer irreparable harm in the absence of an injunction, plaintiff's motion will be denied.

Next, plaintiff seeks an extension of time "to gather evidence." Plaintiff's request will be denied as unnecessary to the extent plaintiff does not require a court order to gather evidence on his own and as premature to the extent the court has not yet issued an order opening discovery.

Finally, plaintiff also seeks an order setting a competency hearing and appointing a guardian ad litem. In essence, plaintiff is renewing his previous requests for the appointment of counsel due to alleged mental impairments. In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In the present case, the court does not at this time find the required exceptional circumstances because plaintiff has so far demonstrated a sufficient ability to prosecute this action on his own, despite his claims of mental illness which are not documented on the current record. Further, the court cannot say that plaintiff has any particular likelihood of success on the

merits at this early stage of the proceedings.

        Accordingly, IT IS HEREBY ORDERED that:

        1.    Plaintiff's motion for injunctive relief (Doc. 36) is denied;

        2.    Plaintiff's motion for an extension of time (Doc. 35) is denied; and

        3.    Plaintiff's "Request for Competency Hearing and Guardian Ad Litem" (Doc. 37) is denied.

DATED: February 23, 2016

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE